IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DENISE REID, On Behalf of the Estate of Ronnie Reid, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. |
| V. | § § | 3:07-CV-1102-K |
| BANCTEC, INC., a/k/a DELAWARE BANCTEC, INC. | § § § | |
| Defendant. | § § | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court are Defendant's Motion for Summary Judgment (Doc. No. 18), and Plaintiff's Request for Oral Argument (Doc. No. 24). The motion for summary judgment is **GRANTED in part** and **DENIED in part**. The request for oral argument is **DENIED**.

### I. Background

Ronnie Reid ("Reid") was terminated from his employment with Defendant BancTec, Inc. ("Defendant") on March 25, 2005. Plaintiff Denise Reid ("Plaintiff"), Reid's widow, filed this suit against Defendant on June 20, 2007 alleging that Reid was unlawfully terminated based on his age and disability in violation of the Age Discrimination in Employment Act ("ADEA") and the Americans with Disabilities Act ("ADA"). Defendant now moves for summary judgment on all of Plaintiff's claims.

### II. Summary Judgment

Summary judgment is appropriate when the pleadings, affidavits and other

summary judgment evidence show that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). All evidence and reasonable inferences must be viewed in the light most favorable to the nonmovant. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

## III. Age Discrimination Claim

Defendant argues that summary judgment is appropriate on Plaintiff's age discrimination claim for three reasons. First, Defendant argues that the claim is time-barred because Plaintiff failed to timely file suit after receiving a right to sue letter from the Equal Employment Opportunity Commission ("EEOC"). Second, Defendant argues that Plaintiff cannot establish a prima facie case of age discrimination. Finally, Defendant argues that Plaintiff cannot establish that its nondiscriminatory reason for terminating Reid is pretext for age discrimination.

In response to Defendant's motion for summary judgment on the age discrimination claim, Plaintiff responds to Defendant's position that the age claim is time-barred by contending that Plaintiff never received the right to sue letter in question. Thereafter, however, Plaintiff "concedes to the likelihood that the Court will grant a partial summary judgment on Plaintiff's age discrimination claim." Plaintiff makes no argument for an equitable tolling of the relevant time period, nor does Plaintiff contest either of the two alternative grounds for summary judgment on the age claim briefed by Defendant. Consequently, the Court concludes that Plaintiff has abandoned the age

claim and that dismissal of the claim is appropriate. *See Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006).

### IV. Disability Discrimination Claim

The Court finds that there are genuine issues of material fact on Plaintiff's claim for disability discrimination in violation of the ADA. Consequently, Plaintiff's motion for summary judgment on the disability discrimination claim is denied.

### V. Conclusion

Defendant's motion for summary judgment on Plaintiff's age discrimination claim is **GRANTED**. Defendant's motion for summary judgment on Plaintiff's disability discrimination claim is **DENIED**. Plaintiff's request for oral argument is **DENIED**.

This case, currently set for trial on the Court's September 2008 docket, is hereby **RESET** to the Court's three-week docket beginning **November 3, 2008**. The materials described in paragraph 9 of the Court's October 19, 2007 Scheduling Order (Doc. No. 12) shall be filed on or before **October 6, 2008**. The materials described in paragraph 11 of the Court's Scheduling Order shall be filed on or before **October 24, 2008**.

**SO ORDERED.**

Signed July 25th, 2008.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE